IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSE HARO and SILVIA VELEZ,<br><br>    Plaintiffs,<br><br>    vs.<br><br>THE BANK OF NEW YORK MELLON<br>CORPORATION; BANK OF AMERICA,<br>N.A.; JOHN DOES 1-10; JANE<br>DOES 1-10; DOE PARTNERSHIPS<br>1-10; DOE CORPORATIONS 1-10;<br>AND DOE ENTITIES 1-10,<br><br>    Defendants.<br>_____ | CIVIL NO. 11-00604 LEK-BMK |

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Before the Court is Defendants The Bank of New York Mellon ("BONY") and Bank of America, N.A.'s ("BANA," collectively "Defendants"), Motion to Dismiss Plaintiffs' Complaint ("Motion"), filed November 8, 2011.  Plaintiffs Jose Haro and Silvia Velez ("Plaintiffs") filed their memorandum in opposition on January 31, 2012, and Defendants filed their reply on February 13, 2012.  The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth

below.

## BACKGROUND

On August 22, 2006, Plaintiffs signed a mortgage agreement and note ("Mortgage") with non-party Countrywide Home Loans, Inc. ("Countrywide"), secured by their property located at 827 Kelawea Street, Lahaina, Hawaii 96761 ("the Property"). Plaintiffs allege that BANA is the servicer of the Mortgage and that BONY is the Mortgagee. Plaintiffs seek rescission of the Mortgage and damages. Plaintiffs filed the instant action on October 7, 2011. [Complaint at ¶¶ 8-10; Exh. 1 (Mortgage[1]).]

Plaintiffs allege in Count I that, that they were not provided with notification that their Mortgage had been assigned from original lender, Countrywide, to BONY. They allege that BONY did not provide them with its identity as the new creditor, the date of the transfer, or where the transfer document was recorded, in violation of Regulation Z, section 131(g) of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g). [Id. at ¶¶ 14-20.]

Plaintiffs allege in Count II that, on an unspecified date, BANA purchased hazard insurance for the Property in excess over the market value of the insurance, and deducted the amount from Plaintiffs' escrow account. They claim that the Mortgage

---

[1] Attached to the Complaint as Exhibit 1 is the recorded mortgage between Plaintiffs and Countrywide Home Loans, Inc., dated August 22, 2006, and recorded on August 28, 2006.

terms under which BANA procured insurance on their behalf are unconscionable.  Plaintiffs seek a refund and credit for the amounts deducted, and punitive damages.  [Id. at ¶¶ 21-24.]

**I.   Defendants' Motion**

Defendants argue that the Complaint is devoid of factual allegations or cognizable causes of action, and asks the Court to dismiss the Complaint without leave to amend.  [Mem. in Supp. of Motion at 1-2.]

As to Count I's TILA claims, Defendants argue that the claims fail because Plaintiffs fail to allege any facts or attach any exhibits indicating that the Mortgage was in fact assigned to BONY, or that BONY failed to supply Plaintiffs with notice.  With respect to the claim for rescission, they argue that the claim is time-barred because it was not filed within three-years of August 22, 2006.  [Id. at 5-8.]

As to the claim for damages under TILA, they argue that it is vague, conclusory and insufficiently pled.  According to Defendants, Plaintiffs fail to allege that they have suffered any actual damage, such as a finance charge, due to the alleged lack of disclosure.  Further, Defendants argue that Plaintiffs fail to show detrimental reliance on the inadequate disclosure.  [Id. at 8-9.]

As to the Count II claim for unconscionability, Defendants argue that it is not an independent cause of action

3

and that Defendants were not a party to the Mortgage.  Defendants ask the Court to dismiss both counts with prejudice.  [Id. at 10-15.]

## II. **Plaintiffs' Memorandum in Opposition**

Plaintiffs argue in their memorandum in opposition that it would be premature to dismiss their claims at this stage.  They also state that "Defendants' argument against PLAINTIFFS' TILA rescission claim is needless, as the PLAINTIFFS make no such claim for rescission and [BANA] constitutes a separate party and a separate cause of action to Count II."  [Mem. in Opp. at 2.]  They state that they made no attempt to bring a TILA rescission claim against either Defendant.  [Id. at 6.]

Plaintiffs maintain that they have satisfied Fed. R. Civ. P. 8(a), and that they are likely to have evidentiary support for their claims after a reasonable opportunity for further investigation or discovery.  Their opposition clarifies that they assert the following causes of action: (1) claims against BONY for violations of TILA § 1640(a)(1) and (g); (2) a claim against BANA for unconscionability based on the costs of property insurance.  Plaintiffs seek "a refund and credit of the unconscionable insurance cost, punitive damages, consequential damages, attorney's fees and costs and rescission of the mortgage contract for the Defendants' unconscionable acts."  [Id. at 5-6.]

With respect to the Count II for unconscionability against BANA, Plaintiffs argue that a loan servicer has "full independent decision making separate from the lender and they are deriving the benefit of the exorbitant fee, making the servicer the sole responsible party in Count II." [Id. at 6.]  Plaintiffs also assert that BANA, as the servicer, has a fiduciary duty to the Plaintiffs.  [Id. at 7.]

### III. **Defendants' Reply**

In reply, Defendants reiterate that Plaintiffs' claims should be dismissed with prejudice because they are not based on actionable legal theories.  First, the Count I claim for TILA damages fails to state a claim because Plaintiffs fail to allege that they suffered any actual damages, and instead relies on vague, conclusory allegations.  They further argue that the opposition does not address the detrimental reliance requirement.  [Reply at 3-4.]  Next, Defendants argue that they were not parties to the Mortgage, and Plaintiffs cannot claim that they are liable for any allegedly unconscionable terms therein.  They further note that Plaintiffs have not set forth any specific allegations concerning whether BANA actually procured and charged Plaintiffs for any hazard insurance, or what the unconscionable rate was comparted to a market rate.  Last, they argue that BANA does not have a fiduciary relationship with Plaintiffs.  [Id. at 6-7.]

## **STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

> Under Rule 12(b)(6), review is generally limited to the contents of the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. <u>See</u> <u>Keams v. Tempe Tech. Inst., Inc.</u>, 110 F.3d 44, 46 (9th Cir. 1997); <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." <u>United States v. Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).
>
> On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. <u>Fed'n of African Am. Contractors v. City of Oakland</u>, 96 F.3d 1204, 1207 (9th Cir. 1996). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 554, 127 S. Ct. 1955).

Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., 693 F. Supp. 2d 1192, 1195-96 (D. Hawai`i 2010).

## DISCUSSION

### II. Count I - Claims for Damages and Rescission Under TILA

Plaintiffs allege in Count I they were not provided with notification that their Mortgage had been assigned to a new lender or the terms of the transfer, in violation of Regulation Z, section 131(g). [Complaint at ¶¶ 18-23.] Plaintiffs indicated that they are not pursuing a claim against either Defendant for TILA rescission. To the extent the Complaint alleges otherwise, such claims are time-barred,[2] and any claim for TILA rescission is DISMISSED WITH PREJUDICE.

#### A. Defendant BANA

Plaintiffs' claims for damages pursuant to TILA fail to state a claim against BANA, their loan servicer. TILA requires that the new lender or creditor provide notice of transfer to the borrower, but does not require the loan servicer to provide such notice. The statute states, in pertinent part:

>   (g) Notice of new creditor
>
>       (1) In general

---

[2] The right to rescission under TILA expires three years after consummation of the transaction or sale of the property. 15 U.S.C. § 1635(f). TILA's three-year statute of repose on rescission is not subject to equitable tolling. Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citation omitted).

> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including–
>
>> (A) the identity, address, telephone number of the new creditor;
>>
>> (B) the date of transfer;
>>
>> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>>
>> (D) the location of the place where transfer of ownership of the debt is recorded; and
>>
>> (E) any other relevant information regarding the new creditor.
>
> (2) Definition
>
> As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g).

BANA is the loan servicer, not "the creditor that is the new owner or assignee of the debt" as set forth in the statute, and therefore, BANA cannot have violated this provision. In addition, the Court acknowledges that the TILA claims may be time-barred based on the relevant statutes of limitation, but the

Court makes no finding regarding timeliness at this time.[3]  For these reasons, the Court FINDS that Plaintiffs' Count I TILA claim fails to state a claim upon which relief can be granted against BANA.  The Court further FINDS that granting Plaintiffs leave to amend their TILA claim against loan servicer BANA would be futile.  See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile.").  Count I is DISMISSED WITH PREJUDICE as to BANA.

   B.   **BONY**

As to Defendant BONY, the Court notes that Plaintiffs do not allege any specific facts or attach any exhibits indicating that the Mortgage was in fact assigned to BONY or when such assignment took place; the Mortgage indicates only that the lender was Countrywide.  Further, the Court agrees with BONY that Plaintiffs fail to allege that they have suffered any actual damage, such as a finance charge, due to the alleged lack of disclosure or any detrimental reliance on the inadequate disclosure.  This district court recently set forth the following

---

   [3] Claims for damages under TILA are subject to a one-year statute of limitations.  15 U.S.C. § 1640(e).  The one-year period begins to run from the date the loan is consummated. Cannon v. US Bank, Civ. No. 11-00079 HG-BMK, 2011 WL 1637415, at * 5 (D. Hawai'i Apr. 29, 2011) (citing King v. California, 784 F.2d 910, 915 (9th Cir. 1986)).  "The doctrine of equitable tolling preserves otherwise time-barred TILA claims where the Plaintiff's failure to file a timely lawsuit is based on excusable ignorance."  Id. (citing King, 784 F.2d at 915).

analysis of identical claims brought in another matter by Plaintiffs' counsel against BONY:

> Section 131(g), codified at 15 U.S.C. § 1641(g), states that if a "mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer" within thirty days. 15 U.S.C. § 1641(g). Failure to comply with this provision can result in civil liability for "any actual damage sustained by such person as a result of the failure[.]" 15 U.S.C. § 1640(a)(1). "[I]n the case of an individual action," damages are limited to "twice the amount of any finance charge in connection with the transaction" and, in cases involving real property, "not less than $400 or greater than $4,000." Id. § 1640(a)(2)(A)(i), (iv). In order to state a TILA claim for actual damages, a plaintiff must demonstrate detrimental reliance upon an inaccurate or incomplete disclosure. Gold Country Lenders v. Smith, 289 F.3d 1155, 1157 (9th Cir. 2002); see also In re Ferrell, 358 B.R. 777, 790 (9th Cir. BAP 2006) ("The Ninth circuit has adopted the majority rule that 'detrimental reliance' must be demonstrated in order to recover actual damages for a TILA disclosure violation.").
>
> Here, Plaintiffs have not alleged any facts demonstrating or supporting the inference that they relied to their detriment on the lack of TILA disclosures nor have they alleged any actual damages or finance charges related to BONY's alleged TILA violation. Thus, their TILA claim for actual damages fails. See Borowiec v. Deutsche Bank Nat. Trust Co., 2011 WL 2940489, at *3 (D. Haw. July 19, 2011) ("Plaintiff here has not demonstrated any actual damages related to Deutsche's failure to provide the notice of assignment required under Section 1641(g), thus Plaintiff fails to state a claim under TILA."); Byrd v. Guild Mortg. Co., 2011 WL 6736049, at *5 (S.D. Cal. Dec. 20, 2011) (same).

Conley v. Bank of New York Mellon Corp., No. CV 11-00582 DAE-BMK,

2011 WL 406911, at *3-4 (D. Hawai'i Feb. 7, 2012) (footnote omitted).  Here, Plaintiffs fail to allege that they have suffered any actual damage or that they detrimentally relied upon the alleged lack of notice.  Accordingly, they fail to state a claim for TILA damages under § 1641(g).

Plaintiffs' claims against BONY are vague and conclusory, and as currently set forth, fail to state a claim for damages under TILA.  It is arguably possible, however, for Plaintiffs to cure the defects in this claim by amendment.  The Motion is therefore GRANTED IN PART AND DENIED IN PART as to the portion of Count I against BONY; the TILA damages claim against BONY is DISMISSED WITHOUT PREJUDICE.

## II. Count II - Unconscionability

Count II alleges that the terms and conditions of the Mortgage are unconscionable because Plaintiffs were charged usurious rates for hazard insurance procured by BANA under the terms of the Mortgage.  Count II does not purport to state a claim against BONY.  [Complaint at ¶¶ 21-24.]

> "Unconscionability" is generally a defense to the enforcement of a contract, and is not a proper claim for affirmative relief.  See, e.g., Gaitan v. Mortg. Elec. Registration Sys., 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009) ("Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its own."); Carey v. Lincoln Loan Co., 125 P.3d 814, 829 (Or. App. 2005) ("[U]nconscionability is not a basis for a separate claim for relief."); see also Barnard v.

11

> Home Depot U.S.A., Inc., 2006 WL 3063430, at *3 n.3 (W.D. Tex. Oct. 27, 2006) (citing numerous cases for the proposition that neither the common law or the UCC allows affirmative relief for unconscionability).
>
> To the extent unconscionability can be addressed affirmatively as part of a different-that is, independent-cause of action, such a claim "is asserted to prevent the enforcement of a contract whose terms are unconscionable." Skaggs v. HSBC Bank USA, N.A., 2010 WL 5390127, at *3 (D. Haw. Dec. 22, 2010) (emphasis in original). Skaggs dismissed a "claim" for unconscionability because it challenged only conduct such as "obtaining mortgages under false pretenses and by charging Plaintiff inflated and unnecessary charges," and "failing to give Plaintiff required documents in a timely manner," and not any specific contractual term. Id.

Phillips v. Bank of Am., Civil No. 10-00551 JMS-KSC, 2011 WL 240813, at *12 (D. Hawai'i Jan 21, 2011) (footnote omitted). Further,

> In Skaggs, this court noted in dicta that "at least one Hawaii court has addressed unconscionability when raised as a claim seeking rescission." 2010 WL 5390127, at *3 n.2 (citing Thompson v. AIG Haw. Ins. Co., 111 Haw. 413, 142 P.3d 277 (2006)). The court did not mean to suggest that an affirmative claim for "unconscionability" without more is a proper cause of action. Even in Thompson, the operative complaint did not assert a separate count for rescission or unconscionability. See Thompson, 111 Haw. at 417, 142 P.3d at 281 (indicating the specific counts were for negligence, fraud, breach of duty, and unfair and deceptive trade practices under HRS 480-2). In Thompson, the remedy of rescission was based on an independent claim. Similarly, a remedy for an unconscionable contract may be possible; a standalone claim asserting only "unconscionability," however, is improper. See, e.g., Gaitan v. Mortg. Elec. Registration Sys.,

2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009).
Id. at *12 n.9.

In light of this precedent, Plaintiffs' Count II affirmative claim for unconscionability fails to state a claim upon which relief can be granted.  Even if Plaintiffs could state an affirmative claim based on the allegedly unconscionable term in the Mortgage, this Court agrees with the district court's analysis in Boyd v. Federal Home Loan Mortgage Corp., Civ. No. 11-00320 ACK-BMK (D. Hawai'i Aug. 10, 2011) ("Boyd Order"[4]), dismissing an identical claim brought by Plaintiffs' counsel.  The Boyd Order states, in pertinent part:

> Boyd's theory is apparently that the lender's option to insure the property if Boyd failed to do so is, on its face, so unconscionable that the entirety of the mortgage should be rescinded, no matter whether any lender ever actually attempted to insure the property. To the extent that the complaint raises this theory, the Court rejects it.  Section 5 of the mortgage makes Boyd responsible for insuring the property and grants her an opportunity to obtain insurance.  (Mortgage at 6-7.)  Provided that Boyd fulfilled her obligation to insure the property, the lender's option to obtain alternative insurance would never arise in the first place.

[Boyd Order at 7-8 (footnotes omitted).]  Because the Court concludes that Plaintiffs fail to state an affirmative claim for unconscionability, and that, in any event, the term at issue is

---

[4] The Boyd Order is Exhibit A to the Declaration of Patricia McHenry, attached to Defendants' Memorandum in Support of Motion.

not unconscionable as alleged, the Court does not reach the remaining issues raised in the Motion.

The Court FINDS that granting Plaintiffs leave to amend their unconscionability claim would be futile. See Flowers, 295 F.3d at 976. Count II is hereby DISMISSED WITH PREJUDICE.

**III. Leave to Amend**

Plaintiffs are given leave to file a First Amended Complaint, which may only include the TILA damages claim pursuant to 15 U.S.C. § 1641(g), but only if Plaintiffs can cure the defects in that claim which this Court has identified in this Order.

Plaintiff's First Amended Complaint shall be filed by no later than **April 2, 2012**. The Court CAUTIONS Plaintiffs that, if they fail to timely file a First Amended Complaint, the claim which this Court has dismissed without prejudice will be automatically dismissed with prejudice. Further, if the First Amended Complaint fails to address the defects identified in this Order, the Court may dismiss that claim with prejudice.

The Court emphasizes that Plaintiffs are not granted leave to add new parties, claims or theories of liability, and the First Amended Complaint must address the deficiencies noted in this Order. If Plaintiffs wish to add new parties, claims or theories of liability, Plaintiffs must either obtain a stipulation from all parties or move for leave to amend according

to the deadlines in the Rule 16 Scheduling Order.  The magistrate judge will rule upon such a motion in the normal course.  The Court CAUTIONS Plaintiffs that, if they include new parties, claims or theories of liability in the First Amended Complaint without obtaining either a stipulation or an order from the magistrate judge granting leave to amend, the new parties, claims, or theories of liability may be dismissed with prejudice.

## **CONCLUSION**

On the basis of the foregoing, Defendants BONY and BANA's Motion to Dismiss Plaintiffs' Complaint, filed on November 8, 2011, is HEREBY GRANTED IN PART AND DENIED IN PART as follows:

- Counts I and II are DISMISSED WITH PREJUDICE as to Defendant Bank of America, N.A.; and
- Count I is DISMISSED WITHOUT PREJUDICE as to Defendant The Bank of New York Mellon.

The Court ORDERS Plaintiffs to file their First Amended Complaint by **April 2, 2012**.  The Court CAUTIONS Plaintiffs that, if they do not file an Amended Complaint consistent with this order by **April 2, 2012**, the Court will dismiss the remaining claim against BONY with prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 16, 2012.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSE HARO, ET AL. V. THE BANK OF NEW YORK MELLON CORPORATION, ET AL; CIVIL NO. 11-00604 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**